

FILED
Apr 08, 2020
02:15 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| John Washington ) | Docket No. 2017-08-1205 |
| ) | |
| v. ) | State File No. 69226-2017 |
| ) | |
| UPS Ground Freight, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Allen Phillips, Judge ) | |

---

## Affirmed and Remanded

---

This interlocutory appeal arises from the trial court's denial of the employee's request for transportation to a medical provider for authorized treatment. The trial court determined the employee was entitled to reimbursement of reasonable travel expenses as allowed by statute, but was not entitled to transportation provided by the employer. The court additionally considered other requests of the employee, which the court treated as motions, but did not grant any of the relief requested in those submissions. The employee has appealed. We affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

John Washington, Sardis, Mississippi, employee-appellant, pro se

Garrett Estep, Memphis, Tennessee, for the employer-appellee, UPS Ground Freight, Inc.

### Factual and Procedural Background

On September 7, 2017, John Washington ("Employee") sustained injuries after being struck on the head by a metal bar while loading a trailer in the course of his employment with UPS Ground Freight, Inc. ("Employer"). The claim was accepted as compensable, and Employer provided Employee with a panel of physicians. Employee selected his primary care physician, who had been included on the panel at Employee's request. Upon receiving notice from the primary care physician of a referral for a neurological evaluation, Employer provided Employee a panel of neurologists from which Employee selected Dr. Mohammad Assaf. Dr. Assaf recommended additional

1

testing and concluded that Employee's request for a personal care attendant was not medically necessary. He declined to continue treating Employee following disagreements with Employee over what he thought to be appropriate treatment.

Employer offered Employee several subsequent panels of physicians, but Employee refused to choose a physician from any panel because of "bad reviews" he claimed he discovered after performing internet searches. Employee also asserted that the physicians provided by Employer with whom he had treated had acted in "bad faith," and he reported at least two of the physicians to their state licensing boards. Employer suspended payment of temporary disability benefits due to Employee's unwillingness to select a physician, asserting that his actions amounted to a refusal to accept medical treatment. In response, Employee filed a petition seeking additional medical treatment and reinstatement of temporary disability benefits.

After an expedited hearing, the trial court determined Employee was entitled to medical treatment for his injury but concluded Employer was not required to reinstate Employee's temporary disability benefits or provide additional panels of physicians. The trial court further determined that Employer was not obligated to provide a personal care attendant for Employee. Following the entry of the trial court's order, Employee filed a motion seeking recusal of the trial judge for "bias" and "bad faith," which the trial court denied. Employee appealed both the expedited hearing order and the trial court's order denying his motion for recusal. In an opinion consolidating those appeals, we dismissed the appeal of the expedited hearing order as untimely and affirmed the trial court's denial of Employee's motion seeking recusal. The appeal of the recusal order was deemed frivolous, and the case was remanded for further proceedings.

Upon remand, the trial court conducted a status hearing to consider numerous email requests submitted by Employee, including a request for reimbursement of his travel expenses to a medical appointment and the provision of transportation services that Employee alleged to be medically necessary. In a January 3, 2019 order, the trial court denied any requests "that may be deemed motions," except for Employee's request for transportation. The trial court concluded Employee was not entitled to the transportation services that Employee argued were medically necessary but was entitled to reimbursement of reasonable travel expenses as provided in Tennessee Code Annotated section 50-6-204(a)(6)(A). Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2019). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland*

*Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

Employee identified three issues in his notice of appeal, which we have restated as follows: (1) whether the trial court erred in failing to reinstate temporary disability benefits; (2) whether the trial court erred in denying transportation services; and (3) whether the trial court erred in failing to grant the additional relief requested in Employee's email submissions.

### Reinstatement of Temporary Total Disability Benefits

Employee has submitted numerous emails on appeal asserting that temporary disability benefits should have been reinstated once he selected a provider from a panel of physicians. Employee's request for reinstatement of temporary disability benefits has previously been addressed by the trial court on several occasions. However, Employee has not identified in the record any instance where he requested the court to address the issue in the December 9, 2019 hearing. Moreover, we cannot locate in the numerous documents filed by Employee on appeal where he raised this issue or made any argument concerning his entitlement to temporary disability benefits at the January 3, 2020 status hearing, and the trial court did not address temporary disability benefits in its January 3, 2020 order.

As we have explained previously, we will not address issues on appeal that were not addressed by the trial court in the order being appealed. *See Keyes v. Bridgestone Ams.*, No. 2016-06-2007, 2017 TN Wrk. Comp. App. Bd. LEXIS 33, at *7 (Tenn. Workers' Comp. App. Bd. May, 18, 2017) ("issues not presented to and decided by the trial court will not be considered by an appellate court"); *Cartwright v. Jackson Capital Partners, Ltd. P'ship*, 478 S.W.3d 596, 614 (Tenn. Ct. App. 2015) ("[A]ppellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them."). Accordingly,

3

because the trial court did not address this issue, it would be inappropriate for us to decide the issue in the first instance, and we decline to do so.[1]

## Denial of Medical Transportation

Employee's second issue concerns whether the trial court erred in denying his request for medical transportation services. The trial court concluded that Employee is not entitled to those services because he failed to show they are reasonably necessary as a result of his work-related injury. The court did, however, determine that Employee is entitled to reimbursement of reasonable travel expenses consistent with Tennessee Code Annotated section 50-6-204(a)(6)(A). Employee argues that he was restricted from driving by a medical provider, is "wheelchair bound," and "has no one that is willing [or] able to constantly take off work" to drive him. Employer contends Employee's work injury has not prevented him from driving since October 30, 2017, that Employee "is under no restriction from driving because of his work-related injuries," and that transportation services have not been ordered for Employee by any doctor for any condition.

For medical transportation expenses to be compensable, there must be sufficient evidence that "travel is 'reasonably required' as being therapeutic in itself or that it is necessary to enable the employee to acquire a 'reasonably required' medical, surgical, dental or nursing service." *Wilhelm v. Kern's Inc.*, 713 S.W.2d 67, 68 (Tenn. 1986). On September 29, 2017, Employee's authorized physician, Dr. Mettetal, restricted him from driving "until further evaluation by neurology." Employee was seen by a neurologist, Dr. Assaf, on October 30, 2017. As the trial court observed, "Dr. Assaf neither restricted [Employee] from driving nor advised him to use specialized transportation." Put simply, Employee has provided nothing beyond his own statements to support his assertion that he is unable to drive or is restricted from driving as a result of his work injury. Indeed, nothing in the record supports a finding that medical transportation services are reasonably necessary as a result of Employee's work injury. Employee's unsworn emails and statements to that effect are not evidence. Accordingly, we find no merit in Employee's assertion that he is entitled to medical transportation services.

## Denial of Additional Motions

Finally, Employee contends the trial court erred in failing to provide the relief he requested in additional filings identified by the court in its January 3, 2020 order. Because of the sheer number of emails submitted by Employee and his failure to identify which filings were motions or to clearly state the specific relief he sought, the trial court

---

[1] Given our resolution of this issue, it is unnecessary for us to address whether Employee's selection of a panel doctor constitutes acceptance of medical services for purposes of Tennessee Code Annotated section 50-6-204(d)(8) such as to entitle him to reinstatement of temporary disability benefits.

"denie[d] any requests that may be deemed motions except [Employee's] request for transportation."  Noting that Employee was self-represented, the trial court stated that it "has always reviewed [Employee's] filings to determine if they constitute a valid motion even though they are emails."  Against that background, and "[t]o clarify the record," the trial court considered three issues in its order that it perceived to have been raised by Employee's filings.

First, the court noted that Employee "requested that he be characterized as permanently and totally disabled."  Stating that whether an employee is totally disabled is a question of fact and that Employee's request, without supporting proof, does not entitle him to benefits, the court concluded that "a determination of the extent of any permanent disability occurs at a [c]ompensation hearing."  Indeed, Tennessee Code Annotated section 50-6-239(d) limits the disputed issues that a trial judge can address in an expedited hearing to those "provided in the dispute certification notice concerning the provision of temporary disability or medical benefits," and a status hearing is not the appropriate hearing in which to argue the extent of an employee's disability.

The trial court also noted that Employee requested "a 'Compensation Order' on the record."  Stating that discovery and medical proof were incomplete, the trial court concluded that a compensation hearing or compensation order "on the record" was improper "*at this time*." (Emphasis in original.)  Finally, the trial court noted that Employee filed "numerous documents he called 'exhibits' in support of his claim for total disability benefits."  Again, stating that evidence addressing a claim for permanent disability benefits was not appropriate "at this stage of the case," the trial court declined to rule on both Employee's assertion that he is permanently and totally disabled and Employer's objections to the admissibility of Employee's filings.

We agree with the trial court's treatment of these three issues that the court perceived to have been raised by Employee's filings.  Moreover, we note that Employee's brief failed to articulate the specific issues being raised concerning the court's alleged failure to rule on Employee's motions.  Employee also failed to describe how the trial court purportedly erred in its rulings and failed to provide any relevant legal authority in support of his position.  Instead, Employee's brief contains a recitation of his work injury, a history of his medical treatment, and his opinions as they relate to medical treatment and causation.  It is not our role to search the record for possible errors or to formulate Employee's legal arguments in favor of his position where he has provided no meaningful argument or authority to support his position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019).  Were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).  In sum, after a careful review of the record we are unable to discern any error by the trial court.

5

**Conclusion**

For the foregoing reasons, the trial court's January 3, 2020 order is affirmed and the case is remanded.  Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| John Washington | ) | Docket No. 2017-08-1205 |
| | ) | |
| v. | ) | State File No. 69226-2017 |
| | ) | |
| UPS Ground Freight, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of April, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| John Washington | | | | X | washingtonjohn73@gmail.com |
| Garrett Estep | | | | X | gestep@farris-law.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov